MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

April 29, 2021

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

     Re: *Reputation.com, Inc. v. Birdeye, Inc.*, C.A. No. 21-129 (LPS-CJB)

Dear Judge Burke,

  Defendant Birdeye, Inc. ("Birdeye") respectfully moves the Court to dismiss as moot Plaintiff Reputation.com's ("Reputation") motion for a preliminary injunction (D.I. 10 ("PI Motion")) and vacate the Court's Scheduling Order (D.I. 20) in view of the filing of Reputation's Amended Complaint (D.I. 33). Alternatively, Birdeye requests that the Court amend the Scheduling Order as requested in this letter.

  First, Reputation's PI Motion is based on a complaint that is no longer operative and must therefore be dismissed as moot, consistent with the weight of authority, as discussed below.

  Second, regardless of whether the Court vacates the PI Motion, the Court should vacate the Scheduling Order. Reputation's decision to file an amended complaint without providing *any* notice to the Court or Birdeye during the April 5, 2021 scheduling conference or at any time thereafter is a violation of Federal Rule of Civil Procedure 16. Reputation specifically sought and received its proposed PI schedule, including dates for briefing Birdeye's motion to dismiss requested by Reputation. But Reputation never requested nor informed the Court that it would file an amended complaint, and the Scheduling Order did not contemplate amendment of the pleadings. Reputation's conduct is inconsistent with the urgency required to seek a preliminary injunction.

  Finally, if the Court is not inclined to dismiss the PI Motion and vacate the Scheduling Order, the Court should at least amend the Scheduling Order to allow Birdeye to respond to the Amended Complaint's new allegations and stay all proceedings pending resolution of Birdeye's forthcoming motion to dismiss the Amended Complaint under 35 U.S.C. § 101. Reputation's Amended Complaint is double the size of the original complaint, asserts new patent claims, new facts regarding alleged infringement and validity of the previously asserted and newly asserted claims, and includes a lengthy new set of allegations about technological solutions to which the asserted claims are purportedly directed. (*See generally* D.I. 33 at 3-28.) Reputation has also submitted new claim charts with the Amended Complaint purporting to show infringement by Birdeye. (*See id.* at Exs. E, F, G, and H.)

**I. Reputation's PI Motion (D.I. 10) Must Be Dismissed as Moot**

  Reputation's PI Motion, which is based on an inoperative complaint, must be dismissed as moot, because "an amended complaint supersedes the original complaint" and "renders it of no legal effect." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 (2009); *W. Run Student Hous. Assocs. LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013). This Court

recognized that the original complaint lacked any legal effect in *sua sponte* ruling that Birdeye's motion to dismiss was mooted. (D.I. 35.) For the same reason, district courts have repeatedly dismissed motions for preliminary injunctions as moot based on superseded, inoperative complaints. *See Garcia v. Mid-Atlantic Military Family Comm. LLC*, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. . . . Plaintiff's Motion for Preliminary Injunction—which seek[s] relief based on Plaintiff's initial Complaint—[is] DISMISSED as moot."); *Techtronic Power Tools Tech. Ltd. v. Harbor Freight Tools USA, Inc.*, Case No. 8:20-cv-2004, D.I. 63 (D.S.C. October 21, 2020) (Ex. 1) ("Because a properly filed amended complaint supersedes the original and becomes the operative complaint in the case, it renders the original complaint 'of no effect.' . . . Accordingly, Plaintiffs' motion for preliminary injunction [is] DENIED as moot[.]"); *Modtruss, Inc. v. Battlefrog LLC*, Case No. 1:16-cv-1317, D.I. 39, at 4 (N.D. Ga. June 6, 2016) (Ex. 2) (preliminary injunction motion ruled to be "moot because the underlying arguments are supported by the original complaint, which is now moot"); *Geisert v. Brown*, Case No. 3:9-cv-670, D.I. 20, at 6 (N.D. Tex. March 22, 2010) (Ex. 3) (denying preliminary injunction based on superseded original complaint); *Ades v. United States*, 2020 WL 6379238, at *1 (E.D. Tex. Sept. 23, 2020) (same); *OnX USA LLC v. Sciacchetano*, 2012 WL 2191206, at *1 (N.D. Ohio June 14, 2012) (same); *Miller v. Heil*, 2011 WL 3439736, at *2 (D. Colo. Aug. 5, 2011) (same).

The PI Motion must be dismissed as moot given that it *expressly* relies on the original (inoperative) complaint. (*See* D.I. 11 (citing allegations in the original complaint more than 20 times).) If Reputation chooses to file a new PI Motion based on the Amended Complaint, the Court could then set an appropriate schedule for the new motion.

## II.     The Court Should Vacate the Scheduling Order (D.I. 20)

Regardless of whether the PI Motion is moot, the Court should vacate the Scheduling Order. Even if Reputation were technically permitted to file its Amended Complaint, Reputation's unilateral alteration of the Court's Scheduling Order by filing an Amended Complaint without any notice or motion violates Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." Your Honor never consented to a potential overhaul of the schedule, which was carefully briefed and argued to the Court; but a complete overhaul is now required in view of the Amended Complaint. The Amended Complaint is nearly twice the size of the original complaint and includes dozens of pages of new factual allegations related to a variety of issues, including infringement and invalidity. (*See, e.g.*, D.I. 33 ¶ 93 (new infringement allegation regarding *previously-asserted* claim 18 of the '966 patent); *id.* ¶¶ 12-18 (new allegations apparently aimed at establishing patent-eligibility).) The Amended Complaint more than doubles the number of asserted claims from four to eleven. (*Id.* ¶¶ 119, 133, 147, 161.) Without vacatur of the Scheduling Order, Birdeye will be forced to serve responses to discovery requests by May 10 without knowing which set of factual allegations and claims it should address—those of the inoperative original complaint on which the PI Motion expressly relies or those in the Amended Complaint—and without being given a fair opportunity to consider the new allegations and claims.

Reputation's filing of the Amended Complaint was clearly aimed at obtaining an unfair strategic advantage over Birdeye. Birdeye filed a fulsome answering brief regarding Reputation's PI Motion (D.I. 26) and served discovery requests based on allegations in the original complaint. By filing its Amended Complaint, Reputation mooted that work and the entirety of the proceedings that have taken place thus far, after obtaining the benefit of understanding Birdeye's original defenses. It will now be necessary to redo many if not all of the proceedings that the Court

carefully scheduled based on the parties' briefing and the April 5 hearing, given the numerous new factual allegations regarding the previously asserted claims as well as the newly asserted claims in the Amended Complaint. (D.I. 33 at 3-28.)

### III.  The Court Should Stay All Proceedings Pending Resolution of Birdeye's Forthcoming Motion to Dismiss

If the Court is not inclined to dismiss the PI Motion and vacate the Scheduling Order, it should at least amend the schedule to allow Birdeye to respond to the new allegations in the Amended Complaint and should exercise its inherent authority over its docket to stay all proceedings pending resolution of Birdeye's forthcoming motion to dismiss the Amended Complaint under § 101. "Federal courts may exercise their inherent power 'to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency, and to deter abuse of judicial process.'" *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 610-11 (D. Del. 2008) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 505 (3d Cir. 1991)). This Court was reluctant to stay the preliminary injunction schedule pending resolution of the § 101 motion because "[y]ou could have a scenario where a competitor is irreparably harmed, and it's hard to put that damage back into the bottle once it's out." (April 5 Tr. at 65-66.) Birdeye is not aware of any case in which a plaintiff filed an amended complaint in the middle of discovery on a preliminary injunction and discovery was permitted to continue unabated, despite new, material factual allegations in an amended complaint. Reputation knew or should have known that filing an amended complaint with no notice would clearly impact the schedule and frustrate the intentions of the Court to facilitate a swift resolution of Birdeye's § 101 motion and the PI Motion. At a minimum, Birdeye must be provided an opportunity to (1) prepare and file a motion to dismiss under § 101, (2) file a new response to the PI Motion (based on the new facts alleged in the Amended Complaint), and (3) file new discovery requests (based on the new facts alleged in the Amended Complaint). All other previously scheduled proceedings should be stayed, including responses to discovery requests, which are due May 10.

Reputation has effectively conceded that there is no urgency in resolving the PI Motion. Reputation filed its original complaint on February 1, 2021, without seeking a temporary restraining order or preliminary injunction. (*See* D.I. 1.) Reputation was fully aware of Birdeye's non-infringement and § 101 defenses as of February 2. On March 23, after more than seven weeks of unexplained delay, Reputation filed its motion for a preliminary injunction and expedited discovery. (D.I. 10.) Reputation then sought and received, over Birdeye's objections, an expedited schedule that initiated PI-related discovery in parallel with briefing on Birdeye's motion to dismiss and included, at *Reputation's* request, a specific due date for Reputation's "Answering Brief" in response to Birdeye's motion to dismiss. (*See* D.I. 19 at 1; D.I. 20; D.I. 28.) Two weeks later, Reputation requested an extension of the April 23 deadline (one day after the parties served initial discovery requests). (D.I. 28) Birdeye, as a professional courtesy, agreed to an extension. (D.I. 28.) At no point did Reputation inform or even hint to Birdeye or the Court that it might file an amended complaint. Tellingly, the Amended Complaint includes no facts that were not already in Reputation's possession or publicly available before Reputation filed its original complaint, further evidencing Reputation's gamesmanship. Reputation should not be permitted to continue abusing Birdeye's good faith efforts to resolve issues on a timely basis and the Court's efforts to do the same. In view of Reputation's conduct, the Court should stay all proceedings pending resolution of Birdeye's forthcoming motion to dismiss.

                                  Respectfully,

                                  Michael Flynn (# 5333)
                                  *Counsel for Defendant Birdeye, Inc.*

cc:      All Counsel of Record