

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 • (302) 252-0920

May 3, 2021

Stephen J. Kraftschik
(302) 252-0926
(302) 397-2659 (Fax)
skraftschik@polsinelli.com

**VIA E-FILING**

The Honorable Christopher J. Burke
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE  19801

Re: *Reputation.com, Inc. v. Birdeye, Inc.,* C.A. No. 21-129 (LPS)

Dear Judge Burke:

Reputation respectfully requests that the Court deny Birdeye's request to "dismiss as moot" the pending motion for preliminary injunction and to vacate or stay the Court's Scheduling Order.

**I.    Reputation's Motion for Preliminary Injunction Is Not Moot.**

Courts regularly consider motions for preliminary injunction, notwithstanding interim amendments of pleadings, when the issues underlying the requested relief are not materially changed. *See 16 Front St. LLC v. Mississippi Silicon, LLC*, No. 1:14-CV-00183-DMB, 2015 WL 4665223, at *5 (N.D. Miss. July 30, 2015) ("Plaintiffs' filing of an amended complaint did not moot Plaintiffs' earlier motion for a preliminary injunction. **It is widely recognized that, in general, a party 'should not be required to file a new motion ... simply because an amended pleading was introduced while their motion was pending**.' Instead, **as long as the issues raised in the motion apply equally to the original and amended complaints, 'the court may simply consider the motion as being addressed to the amended pleading**. To hold otherwise would be to exalt form over substance.'"" (internal citations omitted) (emphasis added)); *see also Planned Parenthood S. A. v. Wilson*, No. CV 3:21-00508-MGL, 2021 WL 1060123, at *3 (D.S.C. Mar. 19, 2021) ("[T]he Court concludes Governor McMaster's contention that Plaintiffs' amended complaint necessitates the Court dissolve the TRO and deny the motion for preliminary injunction as moot is without merit."); *Livable v. City of Chicago*, No. 16 C 10371, 2017 WL 955421, at *1 (N.D. Ill. Mar. 13, 2017), *vacated on other grounds*, 913 F.3d 618 (7th Cir. 2019) ("Plaintiffs maintain that their filing of the amended complaint and amended motion for preliminary injunction did not moot their initial preliminary injunction motion but instead expanded upon the reasons for why an injunction should issue. Because the issues raised in the first injunction motion are ripe for decision, the Court addresses those here").

polsinelli.com

| Atlanta | Boston | Chicago | Dallas | Denver | Houston | Kansas City | Los Angeles | Miami | Nashville | New York |
| Phoenix | St. Louis | San Francisco | Seattle | Silicon Valley | Washington, D.C. | Wilmington |

Polsinelli PC, Polsinelli LLP in California

77865198.2

The Honorable Christopher J. Burke
May 3, 2021
Page 2

      Nothing about the First Amended Complaint ("FAC") changes the bases for Reputation's motion. The motion is based on Birdeye's infringement of U.S. Patent Nos. 8,918,312; 10,180,966; 10,354,296; and 10,455,794 (the "Asserted Patents"). The same four Asserted Patents are at issue in the FAC as in the original Complaint. The same Birdeye products and functionalities are accused in the FAC as in the original Complaint. The FAC contains only additions to the original Complaint. *See* Ex. A (redline comparison). None of the allegations in the original Complaint were removed or modified. The changes in the FAC relate only to issues raised in Birdeye's motion to dismiss, and they do not change the scope of the preliminary injunction proceedings at all.

      To resolve Birdeye's § 101 motion, the Court must consider whether the claims necessarily are rooted in computer technology or entail an unconventional technological solution to a technological problem. *See, e.g., Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *DDR Holdings, LLC v. Hotel.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014). Birdeye based its motion on a mischaracterization of the claims and the alleged absence of allegations in the original Complaint regarding the Asserted Patents being rooted in technology and directed to technological problems. The FAC's new allegations are directed solely to these issues.

      The FAC also includes additional claims because Birdeye's motion misstated the claims at issue in this case. The original Complaint included, for purposes of satisfying the pleading standard for claims of infringement, one exemplary claim from each patent. Notwithstanding this Court's usual practice for serving contentions and disclosing lists of asserted claims in due course, *see* Default Standard For Discovery at § 4, Birdeye argued that those four claims were the only four claims asserted, and made no effort to show the claims were representative of all claims for purposes of evaluating validity under § 101. The FAC therefore includes additional exemplary claims to make clear that they are exemplary for infringement purposes only, and if Birdeye intends to attack the validity of all the claims of the Asserted Patents, it will need to affirmatively do so. This amendment to more clearly identify the full scope of claims asserted in the lawsuit as a whole, however, has no bearing as to the specific patent claims on which Reputation based its motion for preliminary injunction, which have not changed.

      The cases Birdeye cites do not compel a different conclusion. In *Modtruss, Inc. v. Battlefrog, LLC*, the Court did not deny the pending motions out of hand but rather "direct[ed] Plaintiff to file a notice on the docket explaining whether its motion applies to Plaintiff's amended complaint based on the arguments already raised in the motion . . . . **If Plaintiff intends that its motion for a TRO and preliminary injunction applies to Plaintiff's amended complaint, no further briefing is necessary as the briefing on Plaintiff's motion is complete**." *See* Ex. 2 to Def.'s Ltr. at 5-6 (emphasis added). In other cases, the underlying pleadings were markedly different after amendment, *see Ades v. United States*, No. 4:20-cv-89, 2020 WL 6379238 (E.D. Tex. Sep. 23, 2020) (amended complaint named a new defendant and asserted different legal claim); *OnX USA LLC v. Sciacchetano*, No. 1:11cv2523, 2012 WL 2191206 (N.D. Ohio June. 12, 2012) (amendment introduced new legal theories and new causes of action), or the question of whether the motion for injunctive relief still related to the original complaint was not before the Court because new pleadings had been ordered but not yet filed. *See Garcia, v. Mid-Atlantic Military Family Comm.*, No. 2:20CV308, 2021 WL 1429474 (E.D. Va. Mar. 4, 2021) (ordering pro se plaintiff to re-plead with more specific allegations); *Geisert v. Brown*, No. 3:09-cv-0670-P

77865198.2

The Honorable Christopher J. Burke
May 3, 2021
Page 3

(N.D. Tex. Mar. 22, 2010) (granting motion for more definite statement) (Ex. 3 to Def.'s Ltr). In *Miller v. Heil*, No. 10-cv-2913, 2011 WL 3439736 (D. Col. Aug. 5, 2011), the pro se prisoner's motion for preliminary injunction was "not directed at" his Second Amended Complaint, whereas here Reputation's motion is based on the same underlying facts. In the last case Birdeye attaches, *Techtronic Power Tools Tech. Ltd. v. Harbor Freight Tools USA, Inc.*, No. 8:20-cv-2004 (D.S.C.) (Ex. 1 to Def.'s Ltr), the Court acted *sua sponte* and without any analysis, and the plaintiff immediately refiled its motion, which is precisely what would happen here—Reputation would immediately refile a substantively identical motion for preliminary injunction. Therefore, Reputation's preliminary injunction motion is not moot and need not be refiled.

## II.     Reputation's Amendment Was Proper.

Birdeye's accusations that Reputation violated the Court's Scheduling Order and FRCP 16, or obtained an extension of its deadline to file an opposition brief under false pretenses, are without merit. Irrespective of the scheduling order or the deadline for an opposition brief, Reputation's deadline to amend as a matter of right was April 30. No extension for relief from a scheduling order was needed to file its amended pleading when it did so on April 27.

## III.    There Is Not Good Cause to Revisit the Court's Scheduling Order.

The FAC does not require any change to the Scheduling Order, let alone a "complete overhaul" as Birdeye contends. All of the additional allegations in the FAC relate to Birdeye's motion to dismiss, and none of them change the bases for Reputation's motion. As the grounds have not changed, if forced to refile, Reputation's brief would not change substantively, and there is likewise no need for a new initial opposition brief.

Birdeye's contention that additional discovery is now needed also flies in the face of its proposal to first have heard and decided its motion to dismiss—if the allegations in the FAC, which all relate to Birdeye's § 101 challenge, raise fact questions, then a motion to dismiss is not an appropriate vehicle for addressing the issue. Moreover, in its own words, Birdeye's already-served discovery requests already seek everything on which Reputation could rely in support of its motion for preliminary injunction. *See* Exs. B-D (Birdeye's Discovery Requests).

Finally, there is plenty of time in the schedule for the parties to complete briefing on Birdeye's anticipated, renewed motion to dismiss and to hear it on August 4, together with Reputation's motion for preliminary injunction, as was already ordered. (*See* D.I. 20 at 2). Even if Birdeye took all 14 days to renew its motion, the briefing under the default schedule would be concluded by June 1. Birdeye's requests therefore should be denied.

Respectfully,

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

SJK:ncf
Enclosures
cc: Counsel of Record (via E-Mail)

77865198.2