# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

**MICHAEL J. FLYNN**
(302) 351-9661
mflynn@morrisnichols.com

May 4, 2021

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

Re: *Reputation.com, Inc. v. Birdeye, Inc.*, C.A. No. 21-129 (LPS-CJB)

Dear Judge Burke,

Plaintiff Reputation.com's ("Reputation") letter (D.I. 39) fails to cite a single case where a district court allowed a preliminary injunction motion ("PI motion") to carry forward after the filing of an amended complaint that added new, material allegations and additional claims and after a schedule was set and discovery commenced. Even after reviewing Reputation's letter, it is unclear what claims and facts it intends to rely on for purposes of PI proceedings—those in the original complaint or those in the amended complaint. The great weight of authority requires dismissal and refiling of PI motions when amended complaints are filed—particularly where, as here, a PI motion relies on and repeatedly cites the original (inoperative) complaint. *See, e.g.*, *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."). The three cases Reputation cites are clearly distinguishable from the instant case.

In *16 Front Street LLC v. Mississippi Silicon, LLC*, No. 1:14-CV-00183-DMB, 2015 WL 4665223 (N.D. Miss. July 30, 2015), the court's analysis of whether a PI motion should be dismissed in view of an amended complaint was limited to a few sentences of *dicta* in a footnote.[1] *Id.* at *5 n.8. The amended complaint did not add or change any of the alleged facts—instead it only added two paragraphs of what the court termed "argument" before a schedule was set or discovery had begun. *Id.* at *2. In view of this, the court held that, because "the issues raised in the motion [for a PI] appl[ied] equally to the original and amended complaints," the motion could be considered "as being addressed to the amended pleading." *Id.* at *5 n.8. By contrast, Reputation has fundamentally altered the analysis required to assess likelihood of success on the merits in view of the over 70 paragraphs of new factual allegations related to patent eligibility. (*See generally* D.I. 39, Ex. A.) If the original complaint were legally operative for purposes of Reputation's PI motion, the Court would not have *sua sponte* vacated Defendant Birdeye, Inc.'s ("Birdeye") motion to dismiss, a fact Reputation ignores.

In *Planned Parenthood S.A. v. Wilson*, No. CV 3:21-00508-MGL, 2021 WL 1060123 (D.S.C. Mar. 19, 2021), the court granted a motion for a temporary restraining order barring the governor of South Carolina from implementing an anti-abortion law. *Id.* at *2. The plaintiffs filed an amended complaint as a mere formality based on intervening events regarding the governor signing the law into effect and enforcing the law—the underlying legal theories and factual

---

[1] The court dismissed the PI motion for lack of subject matter jurisdiction, making the court's analysis of the viability of a PI motion in view of an amended complaint irrelevant. *Id.* at *1.

The Honorable Christopher J. Burke                                                                                           Page 2
May 4, 2021

allegations were completely unchanged. *Id.* at *2-3. No schedule had been set and no discovery had begun. The court, without citation or analysis, treated a PI motion filed before the amended complaint as if it were directed to the amended complaint, because the relevant allegations in the complaints were substantively identical, with the exception of formalities added to address intervening events about the relevant law and its enforcement. *Id.* Again, the instant case is distinguishable because the analysis required to assess likelihood of success on the merits has fundamentally changed.

Finally, in *Keep Chicago Livable v. City of Chicago*, No. 16 C 10371, 2017 WL 955421 (N.D. Ill. Mar. 13, 2017), the plaintiffs filed an amended motion for a preliminary injunction concurrently with their amended complaint, which is what Reputation should have done in this case. *Id.* at *2. No schedule had been set and no discovery had begun. The court decided to address both the original and amended PI motions via the same opinion and order, because of the similarity of the issues involved in both motions. *Id.* Again, for the reasons discussed above, there is no such similarity in the instant case.

Reputation's Amended Complaint (D.I. 33) was not filed as a mere formality, unlike the amended complaints in Reputation's cited cases. Instead, it adds 70 new paragraphs of factual allegations and new claims after Birdeye filed its opposition to the PI motion and after the parties served discovery requests. Birdeye may have decided to serve discovery requests directed to the new allegations related to patent eligibility in Reputation's amended complaint if Birdeye had known about the amended complaint prior to serving its discovery requests, and Birdeye certainly would have addressed the new allegations in its brief in opposition to the PI motion. Birdeye was unfairly deprived of an opportunity to do either. Reputation is seeking to shut down Birdeye's entire business by way of a PI motion that is now based on an uncertain set of claims and underlying facts—are the new allegations related to patent eligibility relevant to the motion or not? In view of the seriousness of the potential remedy involved, the Court should require Reputation to refile its PI motion, vacate the scheduling order (D.I. 20), and give Birdeye sufficient time to address the new allegations in a new brief in opposition to the PI motion, a new motion to dismiss, and new discovery requests.

                                                                                       Respectfully,

                                                                                       Michael Flynn (# 5333)
                                                                                       *Counsel for Defendant Birdeye, Inc.*