IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REPUTATION.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 21-129-CJB |
| | ) |
| BIRDEYE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In this patent action filed by Plaintiff Reputation.com, Inc. ("Reputation" or "Plaintiff") against Defendant Birdeye, Inc. ("Birdeye" or "Defendant"), pending before the Court is Defendant's motion for sanctions and attorney fees filed pursuant to 35 U.S.C. § 285 ("Section 285") and the Court's inherent authority ("Motion"). (D.I. 146) For the reasons stated below, the Court DENIES the Motion.

**I.  BACKGROUND**

Plaintiff commenced this action on February 1, 2021, accusing aspects of Defendant's reputation management platform of infringing United States Patent Nos. 8,918,312, 10,180,966, 10,354,296 and 10,445,794 (collectively, the "asserted patents"). (D.I. 1) The following day, Defendant sent a five-page letter to Plaintiff setting out its position as to: (1) why it did not infringe the asserted patents and (2) why the asserted patents appeared to be invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112 (the "February 2, 2021 letter"). (D.I. 148, ex. 5)

On March 23, 2021, Plaintiff filed a motion for a preliminary injunction ("PI"). (D.I. 10) On April 9, 2021, Defendant filed a motion to dismiss the complaint under Rule 12(b)(6) and 35 U.S.C. § 101 for lack of patent-eligible subject matter (the "Section 101 motion to dismiss"). (D.I. 21) Plaintiff then filed a First Amended Complaint ("FAC") on April 27, 2021, which

added allegations to address issues raised in Defendant's Section 101 motion to dismiss. (D.I. 33; D.I. 47)

On May 11, 2021, Defendant renewed its motion to dismiss based on the FAC (the "renewed Section 101 motion to dismiss"). (D.I. 44) Plaintiff also renewed its motion for a PI based on the FAC on May 17, 2021 (the "renewed PI motion"). (D.I. 48) The case was thereafter referred to the Court by then-United States District Judge Leonard P. Stark to hear and resolve all pretrial matters up to and including expert discovery matters, subject to 28 U.S.C. § 636(b). (D.I. 50)

On January 12, 2022, following discovery, briefing and an evidentiary hearing, the Court issued a Report and Recommendation recommending that Plaintiff's renewed PI motion be denied because Plaintiff failed to sufficiently demonstrate irreparable harm (the "January 12 R&R"). (D.I. 123) Judge Stark issued a Memorandum Order on February 22, 2022, adopting the January 12 R&R and denying Plaintiff's renewed PI motion. (D.I. 130)

Additionally, on January 31, 2022, following briefing and oral argument, the Court issued a Report and Recommendation recommending that Defendant's renewed Section 101 motion to dismiss be granted because the Court found that the asserted claims in the four asserted patents were directed to patent-ineligible subject matter (the "January 31 R&R"). (D.I. 127) Judge Stark subsequently issued a Memorandum Order on March 30, 2022 (the "March 30 MO"), adopting the January 31 R&R and granting Defendant's renewed Section 101 motion to dismiss. (D.I. 136) The March 30 MO also granted Plaintiff "one final opportunity" to amend its FAC to attempt to state a claim, as Judge Stark was "not persuaded that amendment would be futile[.]" (*Id.* at 7)

On May 18, 2022, the parties consented to the Court's jurisdiction to conduct all proceedings in these actions, including entry of a final judgment. (D.I. 142) The next day, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and the case was closed on the same day. (D.I. 144) Defendant filed the instant Motion on June 2, 2022, (D.I. 146), and briefing was completed on June 28, 2022, (D.I. 161).

Further relevant facts related to resolution of the Motion will be set out as needed in Section II.

## II.   DISCUSSION

Defendant only seeks recovery of attorney fees related to defending against Plaintiff's original and renewed PI motions. (D.I. 147 at 1 & n.1) Defendant asserts that it should be awarded attorney fees pursuant to Section 285, or, alternatively, pursuant to the Court's inherent authority to impose sanctions. (*Id.* at 1-2) The Court will take up these grounds in turn.

### A.   Section 285

In "exceptional" patent cases, a court may "award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014). Here, as a threshold matter, the parties dispute whether Defendant is a "prevailing party" under the law. (D.I. 147 at 6-9; D.I. 154 at 6-10); *see also United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1367 (Fed. Cir. 2023) ("Under [Section] 285, only a prevailing party is eligible to be awarded attorney fees.").[1]

A defendant need not prevail on the merits to be classified as a "prevailing party." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020). Rather,

---

[1]  The law of the United States Court of Appeals for the Federal Circuit law applies to the inquiry of whether to award fees pursuant to Section 285. *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 914 (Fed. Cir. 2019).

3

"the relevant inquiry . . . considers whether the district court's decision—a judicially sanctioned change in the legal relationship of the parties—effects or rebuffs a plaintiff's attempt to effect a material alteration in the legal relationship between the parties." *Id.* (internal quotation marks and citation omitted); *see also Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1034 (Fed. Cir. 2006) ("The dispositive issue is thus whether the [decision] had sufficient judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties.") (internal quotation marks and citation omitted).

Plaintiff argues that because it voluntarily dismissed this case without prejudice pursuant to Rule 41(a)(1)(A)(i), there has been no final court decision rendering Defendant a prevailing party. (D.I. 154 at 6-10)[2] The Court agrees. It is well-settled that a plaintiff's filing of a voluntary dismissal without prejudice does not bestow "prevailing party" status upon a defendant because, under such circumstances, there has been no final court decision that has materially altered the legal relationship of the parties. *See, e.g.*, *O.F. Mossberg*, 955 F.3d at 993; *Mixing & Mass Transfer Techs., LLC v. SPX Corp.*, C.A. No. 19-529 (MN), 2020 WL 6484180, at *3 (D. Del. Nov. 4, 2020); *see also FedEx Supply Chain Logistics & Elecs., Inc. v. Viking Techs., LLC*, C.A. No. 21-72-CFC, 2022 WL 608087, at *5 n.6 (D. Del. Jan. 5, 2022), *report and recommendation adopted*, 2022 WL 608088 (D. Del. Jan. 21, 2022).[3]

---

[2]   Defendant does not dispute that Plaintiff's voluntary dismissal was without prejudice. (D.I. 154 at 7 n.2; D.I. 161 at 2)

[3]   Many other courts have reached the same conclusion (i.e., that a defendant was not a prevailing party after the plaintiff voluntarily dismissed its claim without prejudice). *Jiangsu Huari Webbing Leather Co. v. Joes Identified in Schedule A*, Case No. 1:23-cv-02605-JLR, 2024 WL 20931, at *7 (S.D.N.Y. Jan. 2, 2024); *Bell N. Rsch., LLC v. HMD Am., Inc.*, Case No.: 1:22-cv-22706-SCOLA/GOODMAN, 2023 WL 8455903, at *1, *4-5 (S.D. Fla. Oct. 30, 2023), *report and recommendation adopted*, 2023 WL 8449590 (S.D. Fla. Dec. 6, 2023); *Lead Creation Inc. v. Hangzhou Yueji E-Com. Co.*, 22-CV-10377 (JMF), 2023 WL 7413835, at *4

Despite this well-settled law, Defendant makes two arguments as to why it should be considered a prevailing party. Neither are persuasive.

First, Defendant argues that it is a prevailing party because the Court issued a final decision when it denied Plaintiff's renewed PI motion. (D.I. 147 at 8; D.I. 161 at 3-4) In support, Defendant relies on *Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461 (3d Cir. 1997). (D.I. 147 at 7-8) In *Hawksbill*, the United States Court of Appeals for the Third Circuit noted in a footnote that "findings made in granting or denying preliminary injunctions can have preclusive effect if the circumstances make it likely that the findings are sufficiently firm to persuade the court that there is no compelling reason for permitting them to be litigated again." 126 F.3d at 474 n.11 (internal quotation marks and citations omitted). Building off of this statement in *Hawksbill*, Defendant contends that: (1) the Court's January 12 R&R made detailed findings with respect to the weakness of Plaintiff's irreparable harm arguments; (2) pursuant to *Hawksbill*, these findings should have preclusive effective because the issue of irreparable harm was extensively litigated; and (3) Judge Stark's adoption of the January 12 R&R amounted to a final decision permanently altering the relationship between the parties, because Plaintiff "will not be able to argue irreparable harm during the same time period based on alleged infringement of the same patents in any future lawsuit." (D.I. 147 at 8)

The Court cannot side with Defendant here. This is a patent case where the primary legal question was whether Defendant infringed the asserted claims of the asserted patents. (D.I. 33 at ¶¶ 116-71) A preliminary injunction was not the sole form of relief that Plaintiff sought in this case, and the Court's decision in denying the renewed PI motion was based only on its finding

---

(S.D.N.Y. Oct. 11, 2023); *Haynes Holding Grp. LLC v. ESR Performance Corp.*, Case No. 8:21-cv-02033 JVS (JDEx), 2022 WL 17078952, at *2-3 (C.D. Cal. Sept. 7, 2022).

5

that Plaintiff did not make a sufficient showing of irreparable harm. (D.I. 123 at 8) Thus, the Court's denial of the renewed PI motion did not materially alter the legal relationship of the parties, as the ruling did not preclude Plaintiff from later attempting to make out a merits-based claim for patent infringement in this case (or in some future case) as to the asserted patents. *See Robinson v. Bartlow*, No. 3:12-cv-00024, 2014 WL 2468817, at *4-5 (W.D. Va. June 3, 2014) (finding that the defendants' success in defending against the plaintiff's motion for preliminary injunction and a subsequent motion for reconsideration did not qualify the defendants as prevailing parties under Section 285, in that in making its decision, the court "considered factors other than the merits of [p]laintiff's claim in denying the preliminary injunction and [p]laintiff sought other relief in this case"); *cf. Su Jean Liu v. J &B Yang Corp.*, Case No.: 17-cv-00966-H-BGS, 2017 WL 4856875, at *5 n.5 (S.D. Cal. July 24, 2017) ("Although the Court has denied [p]laintiff's motion for a preliminary injunction, [p]laintiff's action remains pending and, thus, there is no prevailing party at this time.").[4]

Second, Defendant argues that it is a prevailing party because the Court granted its renewed Section 101 motion to dismiss. (D.I. 147 at 8-9; D.I. 161 at 3-4) But that decision does not qualify Defendant as a prevailing party. While the Court granted the motion on the basis that the asserted patents were directed to patent-ineligible subject matter, and Judge Stark agreed, Judge Stark also provided Plaintiff with an opportunity to amend its FAC. (D.I. 136 at 7) Therefore, Judge Stark expressly left open the ability for Plaintiff to refile its claims at a later

---

[4] Therefore, whatever the import of the footnote in *Hawksbill*, under the particular circumstances here, the Court simply does not see how anything that occurred relating to the resolution of the renewed PI motion could amount to "a judicially sanctioned change in the legal relationship of the parties." The Court also notes that *Hawksbill* was: (1) not a decision discussing "prevailing party" status under Section 285; and (2) not a decision of the Federal Circuit, whose law controls here.

6

date. Plaintiff could have reasserted its patent claims against Defendant in this case, and nothing that has occurred here would prevent Plaintiff from doing so in the future. Thus the legal relationship of the parties has not been materially altered by any decision of the Court. *See Mixing & Mass Transfer Techs., LLC*, 2020 WL 6484180, at *3 ("Indeed, a voluntary dismissal without prejudice would not materially alter the legal relationship of the parties. Nor would this Court's dismissal without prejudice. . . . Thus, in the Court's view, this is not the type of 'material alteration of the legal relationship of the parties' that is the touchstone of the prevailing-party inquiry.").[5]

---

[5] Defendant further argues that it is the prevailing party—even though Plaintiff voluntarily dismissed the case without prejudice—since it "prevailed on every issue decided by the Court." (D.I. 147 at 8; D.I. 161 at 4) For this proposition, it relies on *Smart Study Co. v. B+Baby Store*, 540 F. Supp. 3d 428 (S.D.N.Y. 2021). (D.I. 147 at 8; D.I. 161 at 4) In *Smart Study*, the Court had granted plaintiff's motions for temporary restraining orders ("TRO"); subsequently, one defendant ("Primrose") moved to vacate the TRO against it, and thereafter, the plaintiff filed a notice of voluntary dismissal as to Primrose. 540 F. Supp. 3d at 430. The Court subsequently awarded Primrose damages under Federal Rule of Civil Procedure 65(c). *Id.* In assessing Defendant's motion for additional attorney's fees, the *Smart Study* Court found that Primrose was a prevailing party with respect to the plaintiff's Lanham Act claims, even though the plaintiff had voluntarily dismissed the case without prejudice. *Id.* at 432. The Court explained that the defendant plainly succeeded in the case when the plaintiff withdrew its complaint, and where the defendant was awarded damages under Rule 65, under the "unique facts" of the case. *Id.*

In light of its analysis of "prevailing party" law set out above, the Court does not see how the decision in *Smart Study* can be correct. But whatever the merit of that decision, the "unique facts" in *Smart Study* do not mirror the facts in this case. This case is not a Lanham Act case, and Defendant was not awarded damages under Rule 65. In the Court's view, *Smart Study* therefore has no bearing on whether Defendant here is a prevailing party. *See Lead Creation Inc.*, 2023 WL 7413835, at *4 & n.3 (concluding that the defendant was not a prevailing party in a patent case, where the plaintiff voluntarily dismissed its case without prejudice, and distinguishing *Smart Study* on the ground that the *Smart Study* Court's contrary decision was dictum (in that the Court ultimately declined to award additional attorney fees in the case) and was backed by little analysis and few citations, which did not support its deviation from applicable precedent).

For the foregoing reasons, Defendant is not a prevailing party, and thus Defendant cannot be granted attorneys' fees under Section 285. The Court therefore need not assess whether this case is exceptional. *See id.*

### B. The Court's Inherent Authority

The Supreme Court of the United States has recognized that it "has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal brackets, quotation marks and citations omitted omitted). Therefore, the Supreme Court has authorized lower courts to use their "inherent power to police" themselves and "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (internal quotation marks and citations omitted). For this reason, "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002). And although the Court "retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *Id.* at 189. Consequently, the inherent power of the court "should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (internal quotation marks and citation omitted).

In its opening brief, Defendant asserts that Plaintiff's conduct was egregious in two primary ways. (D.I. 147 at 20) First, Defendant alleges that Plaintiff could have raised the allegations it put forward in the FAC regarding Section 101 much earlier in the case, because

8

Plaintiff had already received notice of Defendant's Section 101 invalidity theories via the February 2, 2021 letter. (*Id.* at 12, 20)  Second, Defendant alleges that Plaintiff's amendments to its theories of liability and harm mooted Plaintiff's original PI motion, which then required multiple rounds of briefing by Defendant. (*Id.* at 20)

The Court is not persuaded that these two grounds demonstrate egregious behavior by Plaintiff. Defendant fails to acknowledge that its February 2, 2021 letter merely consisted of high-level arguments regarding Section 101 (among several other invalidity and non-infringement defenses). (*See* D.I. 148, ex. 5)  There is, for example, no detailed analysis in the letter of why the asserted patents were ineligible pursuant to the two-step test laid out in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216-18 (2014)—analysis that was later set out in real detail in Defendant's Section 101 motions to dismiss. (*Compare* D.I. 148, ex. 5 *with* D.I. 45)  Therefore, the Court finds that it was reasonable for Plaintiff to amend its original complaint in response to Defendant's initial Section 101 motion to dismiss. Moreover, Plaintiff's renewed PI motion included only minor updates to reference the operative FAC. (D.I. 155, ex. 1)[6] The behavior of Plaintiff was not egregious, and Plaintiff did not act in bad faith, vexatiously,

---

[6]     Defendant analogizes the present case to *Almirall, LLC v. Torrent Pharms. Ltd.*, C.A. No. 20-1373-LPS, D.I. 63 (D. Del. Sept. 3, 2021), (D.I. 147 at 19), where this Court exercised its inherent authority to require a plaintiff to pay the defendant's fees and costs incurred in connection with the defendant's motion for judgment on the pleadings, (D.I. 148, ex. 7). However, Defendant's argument is not persuasive because in *Almirall*, the plaintiff substantively amended its complaint to include new allegations after the Court had spent considerable time and effort deciding the defendant's motion for judgment on the pleadings. (*Id.* at ¶ 2) The *Almirall* Court found that the plaintiff could have included the new allegations in its original complaint, by moving to amend before the Court decided the motion, or by raising relevant arguments in its opposition brief. (*Id.*) This is different from the present case, wherein Plaintiff amended its original complaint, (D.I. 33), in response to Defendant's Section 101 motion to dismiss, (D.I. 21), but before the Court decided Defendant's renewed Section 101 motion to dismiss, (D.I. 127), or any PI motion.

9

wantonly, or for oppressive reasons. Consequently, the Court does not deem the accused conduct sanctionable under the Court's inherent authority.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED.

Dated: May 21, 2024

                 _Christopher J. Burke_
                 Christopher J. Burke
                 UNITED STATES MAGISTRATE JUDGE